A. B. JONES *et al.* V. THE STATE OF KANSAS.

No. 14,501.   (85 Pac. 302.)

APPEARANCE BOND—*Forfeiture.* After a plea of not guilty had
been entered by counsel for defendant to an information
charging the unlawful sale of intoxicating liquor the in-
formation was amended. Counsel for defendant declined to
plead or answer to the amended information, and the court
ordered defendant's non-appearance to be entered, and ad-
judged his recognizance forfeited. In an action on the bond
the defendants demurred to the petition, and the demurrer
was overruled. A judgment against the defendants was
affirmed.

Error from Trego district court; JAMES H. REEDER,
judge. Opinion filed March 10, 1906. Affirmed.

*S. M. Hutzel,* and *A. D. Gilkeson,* for plaintiffs in
error.

*I. T. Purcell,* county attorney, *Lee Monroe,* and *E. P.
Hotchkiss,* for The State.

*Per Curiam:* The county attorney of Trego county
filed an information which charged "that on the 14th
day of February, 1903, . . . one J. Q. Thompson,.
in a certain frame building situated on the main street
of Collyer, in said county, . . . did then and there
unlawfully sell and barter spirituous, malt, vinous,.
fermented and other intoxicating liquors" without a.
permit. Thereupon a warrant was issued, the de-
fendant arrested, and he gave bond in the usual form
for his appearance on the first day of the next term
of the district court of Trego county to answer the
charge. Court convened October 6, 1903. Counsel
for the defendant appeared and entered a plea of not
guilty, and demanded a trial. The defendant did not
appear in person. The county attorney then asked
permission to file an amended information containing .
two counts, which was granted, to which the defendant
by his counsel objected and excepted. The amended

information contained the original count recopied, with the exception that in the original information the offense was charged to have been committed in a building "situated on the main street of Collyer, in said county," while the amended information in this respect stated that the offense was committed in a building "situated on the west side of a certain street sometimes called Main street, in the town of Collyer, in said county of Trego." The second count charged the defendant under the prohibitory law with maintaining a nuisance.

After the filing of the amended information the defendant's attorneys announced to the court that they would not and did not appear for the defendant to plead or answer to the said amended information; that they would appear and answer for him to the original information and none other. The court thereupon ordered the non-appearance of the defendant entered on the record and adjudged his recognizance forfeited. The cause was then continued for the arrest of defendant. Thereafter this action was brought upon the forfeited recognizance. The defendants demurred to the petition, which was overruled; and, the defendants not wishing to plead further, judgment was rendered against them for the amount of the face of the bond, to reverse which they prosecute error.

The defendant not having appeared either by counsel or in person to answer the charge in the amended information, it was the duty of the court to cause his non-appearance to be entered and to declare and enter a forfeiture of the recognizance. The petition contains all the facts and states a cause of action. The judgment of the district court is affirmed.